Gilmore, C. J.
Ada Wyatt not having been examined as a witness, did the court err in admitting her declarations in evidence ?
In this state, it is well settled, that where the prosecutrix in a case of this nature has been examined as a witness, the declarations made by her immediately after the offense was committed, may be given in evidence, in the first instance, to corroborate her testimony. Johnson v. The State, 17 Ohio, 593 ; Laughlin v. The State, 18 ib. 99; McCombs v. The State, 8 Ohio St. 643.
This is as far as the decisions have yet gone.
But it may be said that in the ease before us Ada Wyatt was incapable of testifying, and that this fact distinguishes it from the cases above cited.
In England it was at one time thought that where a rape was charged to have been committed on an infant of such tender age that in point of capacity she could not be sworn, yet that she ought to be heard without oath to give the court information; though of itself, without the concurrence of other proofs that might render the thing propable, her unsworn statement would be insufficient to convict the offender. The reasons that Lord Hale gave for hearing such an infant, though not on oath, were : “ Eirst, the nature of the offense, which is for the most part secret; and no other testimony can be had of the fact itself, though there may be other concurrent proofs ; next, because if the child complain presently of the wrong done to her to the mother or other relations, their evidence on oath shall be taken.” 1 East’s P. C. 441; 4 Bla. Com. 214. And in Braziers case (1 East’s P. C. 443), who was tried for assaulting an infant five years old with intent to ravish her, Mr. Justice Buffer was of opinion that as the child was incapable of taking an oath, what she said respecting the attempt was receivable in evidence; and the prisoner was *280 convicted. But he reserved the case for the opinion of the judges, whether this evidence ought to have been received. “ On the 29th of April (1779), all the judges being assembled, they unanimously agreed that a child of any age, if she were capable of distinguishing between good and evil, might be examined on oath ; and, consequently, that evidence of what she said ought not to have been received. And that a child, of whatever age, can not be examined unless sworn.” 1 East’s P. C. 444.
And it has subsequently been held there that where the prosecutrix was not at the trial, in a case of rape, evidence of complaint,, made by her recently after the outrage, was properly rejected. Reg. v. Guttridges, 9 Car. & P. 471. More recently it has been held, in case of rape, that where the child, from her tender age, was incompetent to be «worn, evidence would not be received “ of what the child stated to the mother shortly after the alleged offense took place, nor allow the mother to prove that the child mentioned to her the name of any particular person.” Reg. v. Nicholas, 61 E. C. L. 246.
To the same effect are the cases of The People v. McGee, 1 Denio, 19, and Weldon v. The State, 82 Ind. 81.
The last three cases cited declare the principle that must govern the case before us. That principle is, that in cases •of violence to the person, except when made in extremis, the declarations of the injured party are hearsay, and, therefore, inadmissible to prove the offense; and the fact that the declarant is incapable of taking an oath, by reason of imbecility, insanity, or infancy, will not justify a departure from the long and firmly-established rule of evidence on the ■subject. Therefore, while we do not restrict the scope of the rule,- as to the declarations of the female, made shortly after the violation or attempted violation of her person, as established in this state, being receivable in corroboration of her testimony, we do hold that such declarations are not receivable as evidence in chief to prove the commission of the ■offense, and that there was error in admitting them in this 'case.
*281 But it may be said that the declarations of Ada were admitted “ only to show how she was conducting herself when the mother found her;” that they were competent for this purpose, and that the court excluded them from the jury for any other purpose.
We do not wish to be understood as holding that evidence of how she was conducting herself, the condition of her person as to injuries, and the condition of her clothing :as indicating that she had been abused, when her mother found her, were not admissible in evidence. Very clearly such evidence was competent. But it was the declarations of Ada, as to what the peddler of rat-medicine had said and done to her, that were objected to. It will be observed that these declarations not only tended to prove facts by which the accused could be identified, but also to prove the corpus delicti. There was other evidence tending to prove that the offense might have been committed, but aside from these declarations there was no other evidence, even tending to directly connect the accused with the commission of the offense. He was not seen by any witness in or about the wood-house where Ada’s declarations tended to prove the offense was committed, or nearer thereto than the highway in front of the house. Without these declarations being in evidence, we do not see how a conviction could have been had. It is manifest to us that notwithstanding the instructions of the court excluding the declarations for any purpose other than that above stated, the jury must have disregarded the instructions, and taken the declarations of Ada as proof of the offense charged. The error of the uourt in admitting the declarations was not cured by the instructions given to the jury in respect thereto. They were still prejudicial to the accused.
Erom what has been said it wfill be seen that in our opinion there was also error in overruling the motion for a new trial on the ground that the verdict was against the evidence.
The judgment is reversed, and cause remanded to the court of common pleas for a new trial.